NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0068n.06

No. 13-3517

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| RUBEN MENDOZA, aka Ruben Mendoza Matias; ENRIQUE MENDOZA, aka Enrique Mendoza Pablo, | ) ) ) ) | **FILED** Jan 27, 2014 DEBORAH S. HUNT, Clerk |
| Petitioners, | ) ) | |
| v. | ) ) | ON PETITION FOR REVIEW FROM THE UNITED STATES |
| ERIC H. HOLDER, JR., Attorney General, | ) ) | BOARD OF IMMIGRATION APPEALS |
| Respondent. | ) | |

BEFORE: SUTTON, McKEAGUE, and WHITE, Circuit Judges.

PER CURIAM. Ruben Mendoza, along with his son Enrique Mendoza as a derivative applicant, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his applications for asylum and withholding of removal. We deny the petition.

Mendoza, a native and citizen of Guatemala, first entered the United States in 1988. Mendoza, who had applied for asylum in 1991, filed an application for suspension of deportation or special rule cancellation of removal pursuant to the Nicaraguan Adjustment and Central American Relief Act (NACARA) in 2006. Mendoza's applications were referred to an immigration judge (IJ), and the Department of Homeland Security filed a notice to appear, charging Mendoza with removability under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. At a hearing before the IJ, Mendoza admitted the factual allegations set forth in the notice to appear and conceded removability as charged.

Mendoza withdrew his NACARA application but submitted another application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). In this application, Mendoza asserted that, in the midst of the Guatemalan civil war in 1982, the military called a meeting in his village and then took him, his older brother, and a few other young men to a military camp on suspicion of being guerrilla sympathizers. At the military camp, Mendoza was pushed around and was kept with his hands tied behind his back. According to Mendoza, his brother was beaten, but the soldiers were easier on him because of his age of sixteen. Mendoza was released after fifteen days. The government then forced Mendoza to join the civil patrol to protect the village from guerrillas, which he did for six years until he left Guatemala in 1988. Mendoza claimed in his application that he feared returning to Guatemala because he "would be a victim of violent crime, including beatings, robbery, and most likely murder," by "anti-social organized criminal gangs and groups," some of which "are related to old guerrilla groups, others rogue ex-military soldiers." (A.R. 271). At the merits hearing, Mendoza testified about his fear that, if he returns to his village, people whose family members were killed by the guerrillas or by the military soldiers will see him as a deserter and harm him and his family. (*Id*. at 158).

Following the hearing, the IJ denied Mendoza's application but granted voluntary departure. The IJ found that Mendoza's return to Guatemala on two occasions after filing his initial asylum application constituted an abandonment of that application and that the REAL ID Act of 2005 applied to his subsequent application. Applying the REAL ID Act's credibility standard, the IJ found that Mendoza was not credible based on his inconsistent testimony and his lack of corroborating evidence. The IJ further determined that Mendoza, even if credible, failed to demonstrate past persecution or a well-founded fear of persecution on account of a protected

ground to establish his eligibility for asylum. According to the IJ, Mendoza also failed to establish eligibility for withholding of removal or protection under the CAT.

On appeal to the BIA, Mendoza did not challenge the IJ's application of the REAL ID Act or the denial of his application for protection under the CAT. Dismissing the appeal, the BIA concluded that the IJ's adverse credibility finding was not clearly erroneous and agreed with the IJ that Mendoza, even if credible, failed to establish eligibility for asylum or satisfy the higher burden of proof for withholding of removal because of his failure to demonstrate past persecution or a well-founded fear of persecution on account of a protected ground.

This timely petition for review followed. Where, as here, "the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). "To the extent the BIA adopted the immigration judge's reasoning, however, this Court also reviews the immigration judge's decision." *Id.* We review factual findings, including credibility determinations, for substantial evidence, reversing "only if any reasonable adjudicator would be compelled to conclude to the contrary." *Hachem v. Holder*, 656 F.3d 430, 434 (6th Cir. 2011).

Mendoza acknowledges that he "often confused questions and thereby provided seemingly conflicting answers," but attributes this confusion to the translation of the removal proceedings into Spanish rather than Mam, his native language. (Pet'rs' Br. 18). Mendoza, however, indicated to the IJ that his Spanish is now better than his Mam. Mendoza contends that he "has been consistent on all material matters" and that the IJ and BIA focused on irrelevant inconsistencies. (*Id.*). Under the REAL ID Act, an adverse credibility determination may be made "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of

the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). Regardless, the IJ and BIA found that Mendoza's testimony was internally inconsistent and inconsistent with his written application regarding the details of his 1982 abduction and detention by the military and his service in the civil patrol – issues that are relevant to his claims. The record supports the administrative findings regarding Mendoza's inconsistent testimony and does not compel a contrary credibility determination.

Substantial evidence also supports the conclusion that Mendoza, even if credible, failed to demonstrate past persecution or a well-founded fear of persecution on account of a protected ground to establish eligibility for asylum. *See Abdurakhmanov v. Holder*, 735 F.3d 341, 345 (6th Cir. 2012). The circumstances of Mendoza's fifteen-day detention, during which his hands were tied, he was questioned eight to ten times about the guerrillas, and was made to watch beatings do not compel a finding of persecution. *See Pilica v. Ashcroft*, 388 F.3d 941, 954 (6th Cir. 2004). Forcing Mendoza to join the civil patrol does not amount to persecution on account of a protected ground. *See Pascual v. Mukasey*, 514 F.3d 483, 487 (6th Cir. 2007). As the BIA pointed out, Mendoza's claimed fear of the guerrillas and the military is not objectively reasonable given that the Guatemalan civil war ended in 1996. *See Pascual*, 514 F.3d at 488.

Because Mendoza failed to establish eligibility for asylum, he also failed to satisfy the more demanding standard for withholding of removal. *See Bonilla-Morales v. Holder*, 607 F.3d 1132, 1138-39 (6th Cir. 2010). We are precluded from considering the exhibits attached to Mendoza's appellate brief in support of his claim for withholding of removal. *See* 8 U.S.C. § 1252(b)(4)(A) ("the court of appeals shall decide the petition only on the administrative record on which the order of removal is based").

For the foregoing reasons, we deny the petition for review.